IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA WAGY** | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| **TRANS UNION, LLC** | ) | JURY TRIAL DEMANDED |
| and | ) | |
| **EQUIFAX INFORMATION** | ) | NON-ARBITRATION |
| **SERVICES LLC** | ) | |
| and | ) | |
| **CORELOGIC, INC. d/b/a** | ) | |
| **DATAQUICK** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Debra Wagy, against Defendants Trans Union, LLC, Equifax Information Services LLC and Corelogic, Inc., d/b/a Dataquick for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## PARTIES

2. Plaintiff Debra Wagy is an adult individual residing in Effingham, IL.

3. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA.

4. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 815 E. Gate Drive, Suite 102, Mount Laurel, NJ.

5. Defendant Corelogic, Inc., d/b/a Dataquick ("Dataquick") is a consumer reporting agency and a reseller of credit information that regularly conducts business in the Eastern District of Pennsylvania and which has a place of business located at 40 Pacifica Avenue, Suite 900, Irvine, CA 92618.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least September 2015 through present. The inaccurate information includes numerous tradelines, including, but not limited to, MCI, Chase, Fingerhut/ Webbank, First Premier, WFDS/ WDS, two Chapter 7 Bankruptcies, a Chapter 13 Bankruptcy, debt collection accounts with Heritage Acceptance and MCSI, Inc., and 28 unauthorized inquiries, as well as personal identifying information.

9. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/ or tradelines that do not belong to the Plaintiff and that actually belong to at least one other consumer. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

10. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have

disseminated to various persons and credit grantors, both known and unknown.  Defendants have repeatedly published and disseminated consumer reports to such third parties from at least December 2015 through the present.

11. Plaintiff's credit report and file has been obtained from Defendants and has been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown.  Plaintiff's credit reports have been obtained from Defendant by such third parties from at least December 2015 through the present.

12. Dataquck in its capacity as consumer reporting agency and reseller of consumer information, obtains consumer credit information secondarily from the three major credit reporting agencies.  The consumer credit information maintained for individual consumers by the three major credit reporting agencies consists of public records information, account information and other consumer information.  Once Dataquick receives the requested consumer credit information, they assemble and merge the information into Dataquick consumer credit reports, which they then sell to third parties.

13. In December 2015, Dataquick requested and obtained consumer credit information about the Plaintiff from Experian Information Solutions, Inc. ("Experian").  Experian did not provide any indication or information about bankruptcies and other inaccurate information in response to Dataquick's request for Plaintiff's information.

14. In December 2015, Dataquick also requested and obtained consumer credit information about the Plaintiff from Trans Union and Equifax.  Based on information and belief, Trans Union and Equifax were the only ones of the three major credit reporting agencies that reported bankruptcies and other inaccurate information on Plaintiff's consumer credit report and

that included bankruptcies and inaccurate accounts in Plaintiff's consumer credit file. Dataquick included bankruptcies and other inaccurate information obtained from Trans Union and Equifax when it created its consumer report about the Plaintiff.

15. The consumer credit information Dataquick received from the three major credit reporting agencies, and in turn included in the report it sold about Plaintiff, was patently inaccurate on its face. Specifically, Dataquick received two different social security numbers for Plaintiff from the 3 major credit reporting agencies and included both social security numbers in the report it sold about Plaintiff. Further, Dataquick's own report states "FACTA: ADDRESS DISCREPANCY – ID MISMATCH ALERT: CURRENT ADDRESS DOES NOT MATCH" and "ID MISMATCH ALERT: SOCIAL SECURITY NUMBER DOES NOT MATCH."

16. Prior to sale of its consumer reports about Plaintiff, Dataquick did nothing to reconcile the inconsistent reporting of bankruptcies and other inaccurate information by the three major credit reporting agencies.

17. Additionally, Dataquick did nothing to investigate the conflicting information received from the three major credit bureaus about the bankruptcies and other inaccurate information.

18. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Trans Union and Equifax)

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Trans Union and Equifax were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union and Equifax are liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

26. The conduct of Trans Union and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Trans Union and Equifax are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. Dataquick)

27. At all times pertinent hereto, Dataquick was a "person," a "consumer reporting agency," and a "reseller" as those terms are defined by 15 U.S.C. § 1681a(b), § 1681a(f) and § 1681a(u), respectively.

28. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Dataquick is liable to the Plaintiff for negligently and willfully failing to employ and follow reasonable procedures to assure maximum possible accuracy and privacy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

31. The conduct of Dataquick was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Dataquick is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

32. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:  */s/ Mark Mailman*
MARK MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: December 23, 2015          *Attorneys for Plaintiff*